UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:20-cv-0800 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. GARRY, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 4. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the undersigned recommends that (1) plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and (2) plaintiff be ordered to pay the filing fee prior to proceeding any further with this action.

I.    28 U.S.C. § 1915(g):  Three Strikes Rule

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

II.     Petitioner's Prior Strikes

Review of the court's records reveals that at least three cases brought by plaintiff qualify as strikes under § 1915(g). The court takes judicial notice of the following lawsuits previously

filed by plaintiff:[1]

- Driver v. Martel, Case No. 2:08-cv-01910-GEB-EFB (E.D. Cal.) (dismissed September 16, 2009, for failure to state a claim);

- Driver v. Kelso, Case No. 2:11-cv-02397-EFB (E.D. Cal.) (dismissed September 12, 2012, for failure to state a claim);

- Driver v. Epp, Case No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed September 5, 2012, for failure to state a claim);

- Driver v. U.S. Special Master, No. 1:17-cv-0202 DAD BAM P (dismissed Jan. 5, 2018, for failure to pay the filing fee after being declared a three-strike litigant and for failure to obey a court order).

All of the preceding cases were dismissed well before the instant action was filed on September 8, 2019, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

III.     Plaintiff is Not Entitled to the Imminent Danger Exception

Plaintiff's apparent awareness of his three-strikes status is reflected in the complaint's conclusory allegation that plaintiff is in "imminent danger of more physical harm(s) and injury," with an accompanying citation to Section 1915(g). See ECF No. 1 at 3.[2] Plaintiff refers to being in danger of missing various appeal deadlines regarding ADA access issues. Id. However, the "harms and injury" at issue are not clearly identified. The complaint is brought against Associate Warden J. Garry of the California Medical Facility ("CMF"), as well as at least three Jane and/or John Does identified as members of the "#ADA 1824 Panel" at CMF. Plaintiff's request for

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Indeed, imminent harm under Section 1915(g) is stated as the cause of action. The statute does not provide any substantive basis for relief.

3

relief includes unspecified "reasonable accommodation" as well as monetary damages in the amount of $27,900,000.00 for the discrimination he has experienced and the same amount for "access to: (CMF) 1824 ADA."  ECF No. 1 at 4.[3]

To the extent that the exhibits to the complaint illuminate the nature of plaintiff's grievances, they appear to involve impaired access to a computer tablet kiosk at CMF.  See generally, ECF No. 1 at 5-28.  Even if the inability to connect a prison-issued tablet to the internet infringed on constitutionally protected rights, it would not implicate plaintiff's physical safety.  Neither does the violation of time limits on inmate appeals create a risk of serious physical injury.  Plaintiff's insistence that the denial of computer access threatens his well-being, and that deadlines are in danger of elapsing, clearly fails to satisfy the statutory standard.  See Andrews v. Cervantes, 493 F.3d at 1053

"Courts . . . deny leave to proceed [in forma pauperis] when a prisoner's claims of imminent danger are conclusory or ridiculous."  Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) (brackets added) (citations omitted); see, e.g., Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003) (refusing to find an "imminent danger" based upon conclusory assertions).  In addition, "assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm."  Andrews v. Cervantes, 493 F.3d at 1057 n.11.

Because plaintiff has provided no plausible allegations demonstrating that he was in imminent danger of serious physical harm when the complaint was filed, and because CMF's failure to provide plaintiff with computer access or timely address his inmate appeals does not support a finding of imminent danger, the undersigned finds that the imminent danger exception does not apply.  It will therefore be recommended that plaintiff's application to proceed in forma pauperis be denied, and that plaintiff be required to pay the filing fees prior to proceeding any further with this action.

////

---

[3] Plaintiff is currently housed at Kern Valley State Prison.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED pursuant to 28 U.S.C. § 1915(g), and

2  Plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE